UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE SCOTT BOUTTE,

    Petitioner,

    v.   CAUSE NO.: 3:25-CV-45-TLS-AZ

WARDEN,

    Respondent.

**OPINION AND ORDER**

Lance Scott Boutte, a prisoner without a lawyer, filed a habeas petition challenging his conviction for cocaine possession and failure to pay excise tax under Case No. 02D04-9312-CF-967.[1] Following a guilty plea, on February 10, 1994, the Allen Superior Court sentenced him to a total of three years incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The habeas petition is difficult to parse, but Boutte appears to assert that he is entitled to habeas relief because he was not sufficiently competent to plead guilty. He may also be asserting a freestanding claim of actual innocence, alleging that he was not guilty by reason of insanity. The federal courts have not resolved whether a freestanding claim of actual innocence is a viable basis for habeas relief. *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018) ("[N]either the Supreme Court nor this court has yet indicated that an actual innocence claim could, standing alone, support the issuance of a writ in a non-capital case."). In any event, the Court finds that Boutte's potential claims are unexhausted.

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (cleaned up). Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Indiana law allows petitioners to challenge guilty pleas and to present new evidence of actual innocence in petitions for post-conviction relief. *See* Rule 1(1)(a) of the Indiana Rules of Post-Conviction Remedies; *State v. Brunner*, 947 N.E.2d 411, 414 (Ind. 2011); *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006). Based on the electronic docket for the State courts, it appears that Boutte initiated post-conviction proceedings in connection with this conviction on September 15, 2004, and that, on February 16, 2012, the Allen Superior Court indefinitely continued the case at Boutte's request.[2] Stated otherwise, Boutte's petition for post-conviction relief remains pending in State court. Therefore, the Court finds that Boutte's claims are unexhausted.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). In the petition, Boutte appears to concede that he has not initiated this case within the one-year federal limitations period but maintains that the Court should excuse it based on his mental

---

[2] More specifically, the Allen County, Indiana, Superior Court granted a motion for a continuance that Boutte had filed shortly after the Allen Superior Court granted the State's motion to submit the case by affidavit. No subsequent deadlines are present on the State docket, and no action on the petition for post-conviction relief has taken place since February 2012. Thus it appears that the Allen Superior Court granted an indefinite continuance.

health history. Notably, the limitations period expired thirty years ago, *see* 28 U.S.C. § 2244(d)(1)(A), so it seems unlikely that dismissing this case now will have a material effect on a subsequent timeliness determination once Boutte has completed State post-conviction proceedings and initiated another federal habeas case. In this sense, Boutte will have ample time to return to this Court after he has exhausted his claims in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Boutte to proceed further, and a certificate of appealability is denied.

For these reasons, the Court:

(1) DISMISSES the habeas petition [ECF No. 1] without prejudice because the claims are unexhausted;

(2) DENIES Lance Scott Boutte a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on January 28, 2025.

                s/ Theresa L. Springmann
                JUDGE THERESA L. SPRINGMANN
                UNITED STATES DISTRICT COURT